In re Denise E. ROULEY, Debtor.

Denise E. Rouley, Plaintiff,

v.

United States of America, Defendant.

Bankruptcy No. 02–16378–9P7.
Adversary No. 03–100.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Dec. 15, 2003.

Richard J. Hollander, Edward R. Miller, Naples, FL, for Plaintiff.

Diane Jensen, Fort Myers, FL, for trustee.

### ORDER DENYING MOTION BY UNITED STATES FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a determination of the dischargeability of a debt, in this instance of income tax liability pursuant to 11 U.S.C. § 523(a)(1)(C). Denise E. Rouley (Debtor) initiated a one count complaint against the United States of America (Government) seeking a determination by this Court that sum of $150,000 plus accrued interest and penalties for the tax periods of 1989, 1990, 1991, 1992, 1993, 1994, 1995 and 1996 is dischargeable.

On March 19, 2003, the Government filed its Answer admitting some and denying some of the allegations. The Government claims that the Debtor owes the sum of $95,707.29 for the tax liabilities identified in the Complaint. On April 2, 2003, the Government amended its Answer and asserted that the Debtor's assessed federal income tax liabilities for 1989 through 1995 are excepted by operation of 11 U.S.C. § 523(a)(1)(C) from any discharge granted to the Debtor pursuant to 11 U.S.C. § 727 but admitted that the 1996 federal income tax liabilities are dischargeable.

On October 10, 2003, the Government filed its Motion for Summary Judgment pursuant to F.R.B.P. 7056. In support of its Motion, the Government filed (1) the Certificate of Assessments and Payments for the Debtor's federal income tax liabilities for 1989 through 1996; and (2) a transcript of the Debtor's deposition. The Debtor did not file any contravening affidavit or written response to the Motion for Summary Judgment. The relevant facts as appear from the record are indeed without dispute and are as follows.

During the relevant years, the Debtor was a self-employed dog groomer. She operated her business with Julian Laster, whom she considered to be a business partner and he was her live in companion. They were never married. Prior to 1989, the Debtor routinely filed her federal in-

come tax returns and paid the reported tax liability.

In 1990, the Debtor failed to file her 1989 federal income tax return or pay the corresponding income tax. The Debtor thereafter failed to file and pay any income taxes for the years 1990 through 1995. *See* Certificate of Assessments and Payments. It is without dispute that during the years 1989 through 1995, the Debtor paid wages to employees in connection with her dog grooming business. However, with respect to her own taxes the Debtor stated that the "income taxes were our own personal.... We got behind in our own personal taxes."

The Government contacted the Debtor on numerous occasions with regard to the unfiled tax returns. Finally, in 1996, the Debtor decided that she was unable to meet her obligations and sought the advice of a bankruptcy attorney, who required her to file all unfiled tax returns as a precondition of representing her in the bankruptcy.

In 1996, Laster prepared all of the Debtor's tax returns for the years 1989 through 1995, using records maintained by the Debtor. With the Debtor's knowledge, Laster included both the Debtor's and Laster's income on the Debtor's tax returns. Each of the returns indicated only the Debtor's name and were filed as a single individual carrying only the Debtor's signature. It is without dispute that Laster was listed as a dependent on all of the returns.

On August 11, 1995, the Debtor filed her federal income tax returns for 1989 through 1995, without remitting any payment. On September 13, 1996, she filed a Chapter 13 bankruptcy case in California. She made several payments under her Chapter 13 plan totaling $3,216.84. In 1997, the Debtor moved to Florida and ceased making her Chapter 13 payments.

Her Chapter 13 case in California was dismissed on March 12, 1998.

These are the undisputed facts upon which the Government alleges that it is entitled to summary judgment as a matter of law preventing the discharge of the Debtor's income tax obligations for the years 1989 through 1995.

The amount of the liability of the Debtor is not in dispute neither is the fact that but for the exception involved here, these taxes would be stale taxes and thus, not within the excepted provisions of Section 523(a)(1)(C) of the Bankruptcy Code. This section provides that "a discharge ... of this title does not discharge an individual debtor from any debt ... for a tax ... with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax."

■ The attack of the Government of the claim of nondischargeability is two prong. The Government contends that the Debtor made a fraudulent return or in the alternative, that the Debtor willfully attempted to evade or defeat such taxes. In support of the first prong of its attack, the Government points out that it is without dispute and is admitted by the Debtor that she included in her gross income not only her income, but also the income of her live in companion and business partner, a non-debtor, and she claimed him as a dependent on the tax returns in question. Concerning the first proposition, that is, that including an income on a tax return by a taxpayer, which is not the taxpayer's income but someone else's is tantamount to a false return defies credulity. Clearly to do so is asinine and stupid but that is not a hallmark of any taint of fraud since the person who is harmed by this action is not the government but the taxpayer who is charged for taxes on income which is not the taxpayer's income.

■ In the present instance, the false return charge also includes the undisputed fact that the Debtor claimed the live in companion as a dependent and as a matter of law this was clearly untrue and improper. To warrant a finding that this was an actionable fraudulent "conduct" by the Debtor requires proof, albeit sufficient persuasive force that the "conduct" was tainted by *mens rea* or fraudulent intent. This record is devoid of any evidence other than the fact that the live in companion was claimed as a dependent. This Court is satisfied that this record is insufficient to satisfy the burden of proof to establish a false return.

■ This leaves for consideration the next prong of attack, which is based on the contention of the Government that the "conduct" of the Debtor was tantamount to and clearly appears from the record an attempt by the Debtor to evade or defeat the tax. In support of this proposition, the Government cites to two well-known cases: *In re Griffith*, 206 F.3d 1389 (11th Cir. 2000) and *In re Fretz*, 244 F.3d 1323 (11th Cir.2001).

In *Griffith*, the Eleventh Circuit held that the mere non-payment of taxes is insufficient to establish nondischargeability but that the tax debts were nondischargeable where the debtor willfully attempted to evade or defeat payment of a tax even if the debtor did not make made any attempt to defeat the assessment. The Eleventh Circuit held that the bankruptcy court did not err in finding that the debtors' *actions* constituted a willful attempt to evade or defeat payment of a tax. The bankruptcy court in *Griffith* found that the debtor/taxpayer and his wife were evasive and lacked the claim of forth rightfulness reflective of an open and credible witness. The bankruptcy court further found that Griffith's transfer of property to his wife implicated several badges of fraud, including being

"an exchange to a family member, during a period of financial difficulty for inadequate consideration." The Eleventh Circuit held that these findings were sufficient to find fraud thus to support the claim of willful "conduct" of Griffith to support the exception under Section 523(a)(1)(C) of the Code.

The fact pattern in *Griffith* and the fact pattern in the case of the Debtor pending before this Court bear no resemblance to say the least or is remote if totally nil. There is nothing in this record to support a finding that this Debtor engaged in any fraudulent "conduct," unlike in *Griffith*, concealed assets, transferred out any assets or otherwise committed an affirmative act designed to defeat and evade the payment of taxes.

After *Griffith*, the Eleventh Circuit had the occasion to consider the scope of the exception under consideration in the case of *In re Fretz*. In *Fretz*, the Eleventh Circuit held that the debtor's failure to file tax returns for more than a decade, coupled with his failure to pay any income tax satisfied the "conduct" prong of nondischargeability. The teaching of *Fretz* is that the "conduct" prong of a statutory exception to discharge for any tax debt is satisfied when a debtor is guilty of culpable *omission* and the exception is not limited to the commission of an affirmative act to defeat and evade a tax.

In the present instance, it is without dispute that while the Debtor did not file income tax returns from 1989 through 1995, she did file all of the missing returns when she filed her first bankruptcy case in California. And, when she was unable to complete the Chapter 13 in California and moved to Florida, her case in California was dismissed. However, when she filed her second Chapter 13 case before this Court, she was not delinquent in filing the required returns and the only item, which

left her liable to the Government, was actually the non-payment of those taxes. This alone is woefully short of the proof required to establish the reach and the scope set forth in both *Griffith* and *Fretz.*

For the reasons set forth above, this Court is satisfied that this record is insufficient to warrant a finding that the Government is entitled to a determination of non-dischargeability of the taxes owed by the Debtor as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that a pre-trial conference shall be held on January 22, 2004, beginning at 10:00 a.m. at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida, to frame the issues for trial.